**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-4701

EMMETT MADISON GRAHAM, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, District Judge.
(CR-97-98)

Submitted: July 6, 1999

Decided: July 19, 1999

Before MURNAGHAN, HAMILTON, and MOTZ,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Michael McGuinness, Elizabethtown, North Carolina, for Appel-
lant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes,
Assistant United States Attorney, Michael G. James, Assistant United
States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Emmett Madison Graham, Jr., appeals his conviction for conspiring to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846 (1994), possessing with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a) (1994), and using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (West Supp. 1999). Finding no error, we affirm.

Graham assigns error to the trial court's refusal to instruct the jury on the definition of reasonable doubt. However, this panel is bound by our circuit precedent that a trial judge need not define reasonable doubt unless requested by the jury or there is evidence that the jury applied the reasonable doubt standard in an unconstitutional manner. See Victor v. Nebraska, 511 U.S. 1, 5 (1994); United States v. Patterson, 150 F.3d 382, 388 (4th Cir. 1998), cert. denied, ___U.S.___, 67 U.S.L.W. 3436 (U.S. Jan. 11, 1999) (No. 98-6967).

The Defendant alleges that the Government's case was "unconstitutionally tainted" with induced testimony from cooperating witnesses in violation of his due process rights and 18 U.S.C.§ 201(c)(2) (1994). The Government's principal witnesses against the Defendant agreed to truthfully testify in exchange for a recommendation for sentencing leniency. The Defendant did not object to this alleged error at trial; therefore, it is evaluated under the plain error standard. See Fed. R. Crim. P. 52(b). The plain error standard requires proof that there is an error that is clear and obvious under existing law. See United States v. Castner, 50 F.3d 1267, 1277-78 (4th Cir. 1995). The Defendant principally relies upon a panel decision of the Tenth Circuit, which was recently rejected and vacated en banc in United States v. Singleton, 144 F.3d 1343 (10th Cir. 1999), cert. denied, 1999 WL 185874 (U.S. Jun. 21, 1999) (No. 98-8758), to support his claim of

2

error. There is no valid precedent in this or any circuit court to uphold this argument, and a number of circuits have rejected it. See, e.g., United States v. Haese, 162 F.3d 359 (5th Cir. 1998), cert. denied, 119 S. Ct. 1795 (1999) (No. 98-9005); United States v. Ware, 161 F.3d 414 (6th Cir. 1998), cert. denied, 119 S. Ct. 1348 (1999) (No. 98-8312). If there was an error, it is not plain and obvious under existing law because no Supreme Court or circuit court opinion stands to support that position. Therefore, the Defendant is not entitled to relief on this claim.

The Defendant alleges that the evidence at trial was not sufficient to support his conviction on the 18 U.S.C.A. § 924(c) violation. We find that the evidence was sufficient to support the conviction. See United States v. Martinez, 136 F.3d 972, 976-77 (4th Cir.), cert. denied, ___U.S.___, 66 U.S.L.W. 3816 (U.S. Jun. 26, 1998) (No. 97-9221); United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997). The Defendant further alleges that the evidence at trial was not sufficient to convict him on the counts of conspiracy to possess with intent to distribute marijuana, and possession with intent to distribute marijuana. We find that the evidence was sufficient to support the convictions. See Glasser v. United States, 315 U.S. 60, 80 (1942).

The Defendant assigns error to the trial court's ruling allowing Crystal Lazarus to testify regarding her medical condition during and after the robbery and admitting her hospital medical records, with testimony from the records keeper and a registered nurse. We conclude that the court's evidentiary rulings were not an abuse of discretion, see United States v. D'Anjou, 16 F.3d 604, 610 (4th Cir. 1994), because the probative value of the evidence outweighed any prejudicial effect that it may have had. See Fed. R. Evid. 403.

We decline to review the cumulative effect of the alleged trial court errors because we find the claims to be without merit. The Defendant requested that we review the entire record for any further errors in accordance with Anders v. California, 386 U.S. 738 (1967). Specifically, he points to an error in his offense level determination. We have reviewed the entire record and found no other meritorious issues.

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the

3

materials before the court and argument would not aid the decisional process.

AFFIRMED